**Charles R. EVANS, Plaintiff–Appellant,**

v.

**Christina KLAEGER, Defendant–Appellee.**

No. 00–4353.

United States Court of Appeals, Sixth Circuit.

June 12, 2001.

Before BATCHELDER and MOORE, Circuit Judges; BERTELSMAN, District Judge.*

This pro se Ohio litigant appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory relief, Charles R. Evans brought this action against his former wife, Christina Klaeger, alleging that the Court of Common Pleas for Franklin County, Ohio, Domestic Relations Division violated his Fourteenth Amendment rights to the equal protection of the law and protection of his liberty interest in the custody of his child when it designated him the non-custodial parent of Hannah M. Evans. The district court dismissed the complaint after concluding that it lacked jurisdiction over the state court child custody decision. This timely appeal followed.

■ This court reviews de novo dismissals for lack of jurisdiction. *See Greater Detroit Res. Recovery Auth. v. United States EPA*, 916 F.2d 317, 319 (6th Cir. 1990). Such review reflects that the district court properly dismissed the complaint for lack of subject matter jurisdiction. *See* Fed.R.Civ.P. 12(h)(3). Federal courts have no jurisdiction to resolve domestic relations disputes involving child custody. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992). While Evans attempts to assert civil rights claims, his complaint clearly questions the underlying domestic relations issues by challenging an Ohio court child custody decision.

■ Additionally, Evans's claims are barred by the *Rooker–Feldman* doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court as only the United States Supreme Court has jurisdiction to correct state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). A fair reading of the complaint reveals that Evans's federal case is essentially an impermissible appeal of the state court judgment as it merely raises specific grievances regarding decisions of Ohio's domestic relations courts. Thus, the district court lacked jurisdiction over any challenge Evans is making to the legal proceedings held in the Franklin County Court of Common Pleas.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.